RECEIVED CLERK

FILED 2008 NOV -3 P 10: 38

U.S. DISTRICT COURT
DISTRICT OF UTAH

Bart N. Christofferson
407 South 300 East
Lehi UT 84043
801-367-8883

# IN THE UNITED STATES DISTRICT COURT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| **BART N. CHRISTOFFERSON**<br>Plaintiff,<br><br>Vs.<br><br>**AURORA LOAN SERVICES,**<br>**CAL WESTERN RECONVEYANCE,**<br>**JAMES H. WOODALL, an individual**<br>**and DBA WOODALL & WASSERMAN,**<br>**LEHMAN BROTHERS BANK, FSB**<br>**LEHMAN BROTHERS**<br>**AXIOM FINANCIAL, LLC, a Utah**<br>**Limited Liability Company,**<br>**MELISSA WRIGHT, an individual and**<br>**Director of Axiom Financial**<br>**INWEST TITLE SERVICES, INC, a**<br>**Utah for profit Corporation,**<br>**MORTAGE ELECTRONIC**<br>**REGISTRATION SYSTEMS, INC, a**<br>**foreign corporation, DBA MERS,**<br>**PETE VELLA, an individual and**<br>**employee of Cal Western Reconveyance**<br>**GERALD R. MOSS, an individual and**<br>**President and CEO of Cal Western**<br>**Reconveyance, Wendy V. Perry, an**<br>**individual and employee of Cal Western**<br>**Reconveyance, and Does 1-50.**<br><br>Defendants | **AMENDED COMPLAINT**<br><br>Civil Case No.: 2:08-cv-00663-DAK<br><br>Judge: Dale A. Kimball<br><br>Magistrate:  Brooke Wells |

Plaintiff, Bart N. Christofferson alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff is a resident of Lehi, Utah County, State of Utah.

2. Defendants are individuals, corporations, and other entities purporting to conduct lawful business in Utah County, State of Utah.

3. Court has jurisdiction to hear this case pursuant to TILA, and Diversity of Citizenship.

4. Venue is correct

## PARTIES

5. Plaintiff, **BART N. CHRISTOFFERSON**, is a resident of Utah County, State of Utah and has been at all times during the course of the facts and events pertaining to this action.

6. At all relevant times, defendant **AURORA LOAN SERVICERS, INC**. is believed to be a Delaware corporation headquartered in Littleton Colorado doing business in Utah.

7. At all relevant times, defendant **CAL WESTERN RECONVEYANCE** is believed to be a California corporation not registered in Utah, but doing business in Utah.

8. At all relevant times, defendant **JAMES H WOODALL** is believed to be a member of the Utah State Bar residing in Utah with a current DBA as Woodall & Wasserman.

9. At all relevant times, defendant **LEHMAN BROTHERS BANK, FSB** is believed to be, a nationally charted savings association under the purview of the Office of Thrift Supervision with its Primary Office in Delaware.

10. At all relevant times, defendant **LEHMAN BROTHERS** is believed to be a Delaware Corporation headquartered in New York registered with the Department of Corporations to do business in Utah.

11. At all relevant times, defendant **AXIOM FINANCIAL, LLC** is believed to be a Utah Limited Liability Company.

12. At all relevant times, defendant **MELISSA WRIGHT** was and individual and Director of Axiom Financial, LLC.

13. At all relevant times, defendant **INWEST TITLE SERVICES, INC** is believed to be Utah Corporation.

14. At all relevant times, defendant **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC** hereinafter **"MERS"** is believed to be Delaware Corporation with it's headquarters in Virginia, they are not registered to transact business in Utah, but are listed as nominee for thousands of Trust Deeds and/or Mortgages in Utah and throughout the nation.

15. At all relevant times, defendant **PETE VELLA**, is believed to be an individual and employee of Cal Western Reconveyance.

16. At all relevant times, defendant **GERALD R. MOSS**, is believed to be an individual and President and CEO of Cal Western Reconveyance.

17. At all relevant times, defendant **Wendy V. Perry,** is believed to be an individual and employee of Cal Western Reconveyance.

18. **DOES 1-50**: Believed to be individuals, corporations, governmental entities, and other persons who are at present unknown but are party to this action.

## STATEMENT OF FACTS AND ALLEGATIONS

19. The Plaintiff is the lawful owner in the State of Utah of the property at 4302 North Mile High Drive Provo Utah 84604.

20. On or about Feb 10 2006 Bart Christofferson entered into a home loan (the First Loan) with the Defendants for an amount of $448,000.00. (Note and Deed of Trust for First Loan attached as Exhibits 1 and 2 respectively)

21. The First Loan was designated by Defendants as loan number 10113332.

22. On or about February 10, 2006, Plaintiff obtained a loan (the Second Loan) with the Defendants for an amount of $112,000.00. (Note and Deed of Trust for the Second Loan are attached hereto as Exhibits 3 and 4)

23. As part of the consumer credit transaction, Defendants obtained two security interests I the Property.

24. The First Loan and the Second Loan (collectively, the Transactions) complained of herein contained a number of disclosure violations.

25. Plaintiff contacted Defendants to negotiate a modification or settlement of his home loans.

26. The Plaintiff's attempts were in good faith.

27. The Defendants' refusal to discuss a modification with the Plaintiff was contrary to their public stance to aid distressed homeowners.

28. The Defendants have refused to address any of the Plaintiff's claims beyond offering blanket denials.

29. As a consequence, the Plaintiff was forced to file this action.

30. Before the settlement date, Defendants did not provide the Plaintiff with the correct and timely preliminary disclosures required by TILA at 12 CFR §§ 226.4, 17, 18, and 12 CFR §§ 226.5 and 226.5(b), or any other correct preliminary disclosures as required by RESPA at 12 USC § 2604(c). Defendants have had an ongoing duty to provide disclosures.

31. The Defendants did not provide the Plaintiff with a Good Faith Estimate (GFE) of the anticipated costs associated with the Transactions, as required by RESPA, 12 USC § 2603; 12 CFR § 3500.7.

32. Defendants failed, either before, during and/or after the closing of the Transactions to provide the Plaintiff with true and accurate copies of important documents, including but not limited to copies of the HUD-1 Settlement Statements (HUD-1) proper TILA disclosures, or the loan documents.

33. The following are certain of the specific discrepancies and irregularities, among others, within the Plaintiff's loan documents, including:

a.  The Defendant charged the Plaintiff duplicative fees in violation of RESPA including a loan origination fee of $5,600.00, a processing fee of $325.00, and a loan discount fee of $1,000.00, among others;

b.  The Defendant charged the Plaintiff charges in excess of the actual costs such as $52.00 for a credit report, $30.00 for MERS registration fee, and $85.00 recording fee, among others;

c.  Fees listed on the Truth In Lending Itemization of Amount Financed (TIL) do not match the fees listed on the HUD-1.

34. The charges identified above are each violations of TILA, RESPA and Utah statutes in that they resulted in the Plaintiff paying excess fees and interest for services that were either never performed, improperly disclosed or excessive.

35. At no time did the Defendant provide the Plaintiff with a contract or agreement setting forth the improper charges. A copy of the Plaintiff's loan application is attached hereto as Exhibit 5.

36. Nothing in the loan application discloses or authorizes the improper charges.

37. The Defendants provided no documentation to Plaintiff before the closing on February 10, 2006. This made it impossible for Plaintiff to be fully informed of the true cost of the loans, or understand the fees and charges.

38. The Defendants were under a legal obligation as fiduciary because they had the responsibility of overseeing the purported loan consummation to ensure that the

Transactions were performed correctly and that the Plaintiff received all accurate mandated documentation and material disclosures under TILA and RESPA, before and after the Transactions.  As Plaintiff relied on Defendants to obtain loans that were favorable and in his best interest, defendants included unfair provisions that were to their benefit, not plaintiffs.  Plaintiff relied on defendants representations to his detriment.

39. Pursuant to TILA and RESPA, Defendants had an obligation to Plaintiff to disclose all material facts concerning the Transactions that might affect the Plaintiff's decision whether to accept the First Loan or the Second Loan.

40. Defendants established a pattern and practice of harming the Plaintiff in that, during the entire life of the loans, Defendants have not correctly credited payment or calculated interest on the account due to the inaccurate disclosures.

41. Defendants knew that the account was not accurate and that the Plaintiff would make further payments based on the account.

42. The Plaintiff did make payments based on the account and paid too much as a result.

43. The Defendants knew or should have known that providing the Plaintiff with a loan that exceeded a debt-to-income ratio of fifty percent (50%) would greatly increase the likelihood of the Plaintiff failing to make his monthly payments.

44. The Defendants provided the Plaintiff with one hundred percent (100%) financing for the Property, leaving no cushion for declining home prices and greatly limiting the ability of the Plaintiff to refinance.

45. The Defendants placed a three year prepayment penalty into the First Loan, making it impossible for the Plaintiff to refinance, because even if home prices did not fall, but remained steady, the cost to refinance, plus the prepayment penalty, exceeded one hundred percent (100%) of the value of the home.

46. As a result the Defendants providing the Plaintiff with two home loans that had excessive debt-to-income ratios, one hundred percent financing and a prepayment penalty, the Transactions were unfair, insomuch as the success of the loans relied upon the fair market value of the Property increasing of the income of the Plaintiff increasing during the life of the Transactions, not the Plaintiff's ability to repay the loans when they closed.

47. The Defendants knew or should have known that the Transactions would fail if the housing market declined, making the loans unfair under Utah law and insufficiently explained under TILA.

48. Upon information and belief, the Defendants are selling their bank owned real estate for approximately half of the Plaintiff's current loan amount.

49. As a result of the Defendants' dumping of their real estate into the market, the Defendants have eroded the value of the Plaintiff's home.

50. Despite the Defendants' actions which are eroding the value of homes in the real estate market generally, the Defendants are unwilling to negotiate an appropriate loan modification with the Plaintiff.

51. As a result of the Plaintiff's inability to negotiate a reasonable loan modification or settlement, the Plaintiff stopped making payments under the Transactions and asserted his claims.

52. A creditor is prohibited from making negative reports to consumer reporting agencies regarding a borrower who is disputing the accuracy of payments made to the lender, as required by the Fair Credit Reporting Act (the FCRA) 15 USC §§ 1681, et seq. and RESPA, 12 USC 2605 (e)(3).

53. The Defendants have been making negative reports to the Plaintiff's credit, causing him financial harm, and in violation of FCRA and RESPA.

54. The Defendants have been making negative reports to the Plaintiff's credit, causing him financial harm, and in violation of FCRA and RESPA.

55. The Defendants recorded a Substitution Trustee with the Utah County recorder on August 24, 2007. (Attached as exhibit 6)

56. The Defendants recorded a Notice of Default with the Utah County recorder on August 24, 2007. (Attached as exhibit 7)

**First Cause of Action:  Violation of Utah Conveyance Statutes.  As Against Defendants:  Inwest Title Services, Inc, Cal Western Reconveyance, James H.**

**Woodall, Woodall and Wasserman, Melissa Wright, Pete Vella, Gerald R. Moss, Wendy V. Perry, Aurora Loan Services, LLC, and DOES 1-50.**

57. Plaintiff repeats and re-alleges all prior paragraphs as though set forth fully herein.

58. Utah State Law UCA § 57-1-22 et seq. clearly states the provisions for substitution of Trustee. Provisions of this law must be strictly complied with.

59. Defendants failed to comply with UCA 57-1-22 in substitution of James H. Woodall as trustee on August 24, 2007. Defendants failed to list the original parties of the deed.

60. Further, Defendants failed to have the substitution executed or acknowledged by all of the beneficiaries or their successors in interest.

61. All documents relating to the execution of the statutory requirements of a Trustee under UCA 57-1 et al. were recorded by Inwest Title Services in this case.

62. Because of failure of Defendants to comply with UCA 57-1-22 in substitution of James H. Woodall as trustee, Defendant James H. Woodall was not lawfully appointed the trustee of the aforementioned Trust Deed Note.

63. Absent the authority to act as Trustee on said Trust Deed and Note, all actions taken by James H. Woodall and others under that assumption of authority are null and void.

64. Further while acting as Trustee James H. Woodall violated the non-judicial foreclosure statutes under UCA 57-1-28 and 57-1-21.5, among others.

65. Upon belief the Plaintiff states that the Trustee's Deed was created by the same entity that created the Substitution of Trustee and that the document was created in California by Cal-Western Reconveyance and not in the Trustee's office where he would exercise direct supervision of the creation thereof. Further Plaintiff states upon belief that the substitution of trustee document was prepared and signed by Cal-Western Reconveyance under the request of its officers by its agents and employees.

66. Upon belief the Plaintiff states that Aurora Loan Services, LLC did not appear or enter a bid at the auction on July 17, 2008.

67. Aurora Loan Services, LLC has not been identified as a beneficiary of the deed of Trust or a holder of the note or a party in interest to the note. Therefore Aurora would not have the statutory right to enter a credit bid.

68. Upon belief the Plaintiff states that contrary to the Trustee's Deed executed by the Trustee that he received no money or funds from Aurora Loan Services, LLC prior to executing Trustee's Deed for Aurora's benefit.

69. Upon belief the Plaintiff states that supporting actions were performed by agents or employees with the knowledge or direction of Woodall & Wasserman.

70. As a direct, proximate and predictable result of Defendants actions contrary to State law, Plaintiff has suffered emotional, financial, and character damages to which Plaintiff should be compensated for.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against the Defendants, awarding Plaintiff damages in the amount proscribed by law, awarding fees and costs, including the fees and costs associated with litigating this claim, and granting such further relief as the Court deems just and proper.

**Second Cause of Action:  Violation of Unfair Practices Act.  As Against Defendants:  Axiom Financial, LLC, Lehman Brothers Bank, FSB, Aurora Loan Services, Inwest Title Services, Inc., DOES 1-50**

71. Plaintiff repeats and re-alleges all prior paragraphs as though set forth fully herein.

72. Pursuant to Utah State law, Defendants are engaged in commerce in the State of Utah.

73. Defendants did not comply with the strict statements of UCA 13-5-3 and engaged in unfair practices of charging Christofferson more than the costs of the services as to credit report, MERS registration, and recording the contracts.

74. These unfair practices were done knowingly and intentionally.

75. As per the specifics of the Act, Any person who, either as director, officer or agent of any firm or corporation or as agent of any person, violating the provisions of this act, assists or aids directly or indirectly, in such violation shall be responsible therefore equally with the person, firm or corporation for whom or for which he acts.

76. The contracts the Plaintiff entered into with Axiom Financial are the result of Axiom Financials unfair practices. UCA 13-5-13 states Any contract expressed or implied, made by any person, in violation of any of the provisions of this act is declared to be an illegal contract and no recovery thereon shall be had.

77. As a direct, proximate and predictable result of Defendants Unfair Practices, Plaintiff has suffered emotional, financial, and Character damages to which Plaintiff should be compensated for.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against the Defendants, declaring the contracts entered into illegal and further awarding Plaintiff damages in the amount proscribed by law, awarding fees and costs, including the fees and costs associated with litigating this claim, and granting such further relief as the Court deems just and proper.

**Third Cause of Action: Violation of Good faith and fair dealing. As Against Defendants: Aurora Loan Services, Inwest Title Services, Inc, DOES 1-50**

78. Plaintiff repeats and re-alleges all prior paragraphs as though set forth fully herein.

79. As a result of Defendants violation of fiduciary duty, they have also violated standards of Good Faith and Fair dealing as enumerated in the aforementioned Trust Deed and Note, State law and Common business practices.

80. As a direct, proximate and predictable result of Defendants violation of good faith and fair dealings, Plaintiff has suffered emotional, financial, and character damages to which Plaintiff should be compensated for.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against the Defendants, awarding Plaintiff damages in the amount proscribed by law, awarding fees and costs, including the fees and costs associated with litigating this claim, and granting such further relief as the Court deems just and proper.

**Fourth Cause of Action: Breach of Contract. As Against Defendants: Axiom Financial, LLC, Lehman Brothers, Lehman Brothers Bank, FSB, Melissa Wright, MERS, Inwest Title Services, Inc, Aurora Loan Services, DOES 1-50**

81. Plaintiff repeats and re-alleges all prior paragraphs as though set forth fully herein.

82. Contractual obligation exists between Plaintiff and Defendants as a direct result of the aforementioned Trust Deed and Note.

83. Defendants failed to perform their contractual obligations as enumerated in Trust Deed and Note.

84. Defendants failed to perform their contractual obligations as enumerated in Utah State Law.

85. As a result of Defendants not performing their contractual obligations, Defendants breached the contract that exists between Plaintiff and Defendant.

86. As a direct, proximate and predictable result of Defendants breach of contract, Plaintiff has suffered emotional, financial, and character damages to which Plaintiff should be compensated for.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against the Defendants, awarding Plaintiff damages in the amount proscribed by law, awarding fees and costs, including the fees and costs associated with litigating this claim, and granting such further relief as the Court deems just and proper.

**Fifth Cause of Action: Misrepresentation.  As Against Defendants: Axiom Financial, LLC, Lehman Brothers, Lehman Brothers Bank, FSB, MERS, Inwest Title Services, Inc, Aurora Loan Services, James H. Woodall, Woodall and Wasserman, Cal Western Reconveyance, and DOES 1-50**.

87. Plaintiff repeats and re-alleges all prior paragraphs as though set forth fully herein.

88. From the onset of this mortgage and foreclosure action, defendants have represented to Plaintiff to be parties and entities that they are not.

89. As a result of this misrepresentation of identity by Defendants, Plaintiff was induced to take actions that were not in his best interest.

90. Plaintiff further allowed Defendants to pursue actions that they had not legal, fiduciary, contractual or other authority to pursue.

91. As a direct, proximate and predicable result of Defendants misrepresentation,

    Plaintiff has suffered emotional, financial, and character damages to which

    Plaintiff should be compensated for.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against the

Defendants, awarding Plaintiff damages in the amount proscribed by law, awarding fees

and costs, including the fees and costs associated with litigating this claim, and granting

such further relief as the Court deems just and proper.

**Sixth Cause of Action: Violation of Fair Debt Collection Practices Act**

**("FDCPA"). As Against Defendants: Inwest Title Services, Aurora Loan**

**Services, James H. Woodall, Woodall and Wasserman, and DOES 1-50.**

92. Plaintiff repeats and re-alleges all prior paragraphs as though set forth fully

    herein.

93. Plaintiff is informed and believes and thereupon alleges that the Defendants and

    each of them, in the taking the actions aforementioned, have violated provisions

    of Utah Debt Collections Act, including but not limited to UCA 12-1-et al, and

    the Federal Fair Debt Collections Act, 15 U.S.C., Title 41, Subchap. **V, §§** 1692

    et seq, and the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. **§§**

    2601-2617.

94. On or about August 24, 2007 Defendants caused to be recorded with Utah County Recorder a Notice of Default on the above mentioned Trust Deed and Note.

95. On or about August 24, 2007 Defendants caused to be recorded with Utah County Recorder a Notice of Substitution of Trustee.

96. The amount alleged to be due and owing was in excess of the contracted amount.

97. By attempting to collect amounts in excess of the contracted amount, Defendants were acting as a Debt Collector.

98. On or about August 29, 2007 Defendants failed to mail a dunning letter to Plaintiff within the time parameters required by FDCPA.

99. By failing to mail a dunning letter to Plaintiff, Defendants violated the FDCPA.

100.      As a direct, proximate, and predictable result of Defendants violation of the FDCPA, Plaintiff suffered emotional, financial, and character damages.  Said damages are entitled to compensation and punitive awards under the FDCPA. Plaintiff should receive these awards and compensation.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against the Defendants, awarding Plaintiff damages in the amount proscribed by law, awarding fees and costs, including the fees and costs associated with litigating this claim, and granting such further relief as the Court deems just and proper.

**Seventh Cause of Action:  Violation of Truth in Lending Act ("TILA").  As**

**Against Defendants:  Axiom Financial, Inwest Title Services, Aurora Loan**

**Servicing, Lehman Brothers, Lehman Brothers Bank, FSB, Melissa Wright, and DOES 1-50.**

101. Plaintiff repeats and re-alleges all prior paragraphs as though set forth fully herein.

102. Defendants failed to provide Plaintiff with all required documents prior to settlement statement.

103. Defendants failed to provide Plaintiff with all required documents at time of delivery of Settlement Statement.

104. Defendants failed to provide Plaintiff with all required documents after 3 day cooling off period had elapsed after finalization of sale.

105. Because Defendants filed to provide all TILA required Documents before, during, and after the sale, they violated TILA and caused Plaintiff harm.

106. As a direct, proximate, and predictable result of the defendant's failure to comply with TILA, Plaintiff suffered emotional, financial, and character damages to which Plaintiff should be compensated for.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against the Defendants, awarding Plaintiff damages in the amount proscribed by law, awarding fees and costs, including the fees and costs associated with litigating this claim, and granting such further relief as the Court deems just and proper.

**Eight Cause of Action:  Interference with contract.  As Against Defendants: Inwest Title Services, Inc, Aurora Loan Servicing, MERS, James H. Woodall, Woodall and Wasserman, and DOES 1-50.**

107.    Plaintiff repeats and re-alleges all prior paragraphs as though set forth fully herein.

108.    As stated previously and in Trust Deed and Note, Plaintiff entered into a contract with a lender.

109.    Shortly after closing of the loan, the loan was "sold" to another lender. Plaintiff was not apprised of this change in "note holder".

110.    Loan was thereafter "securitized" on the secondary market to yet additional lenders.  Plaintiff was not apprised of this change in "note holder".

111.    The terms of the contract provide that Plaintiff has contractual obligation to the then current lender (Note Holder).

112.    Defendants not only failed to provide Plaintiff with information as to the current lender (Note Holder), therefore depriving Plaintiff of information and knowledge to comply with the terms of the contract, but deliberately chose to keep Plaintiff uninformed of the current Note Holder..

113.    Defendants while acting as "Servicer" for the lender had no contractual relationship with Plaintiff.

114.    By failing to and/or intentionally depriving Plaintiff of knowledge of who the current Note Holder was, Defendants have interfered with the contract between Plaintiff and the then current Note Holder.

115.    As a direct, proximate, and predictable result of Defendants actions in interfering with contract, Plaintiff has suffered emotional, financial, and character damages to which Plaintiff should be compensated.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against the Defendants, awarding Plaintiff damages in the amount proscribed by law, awarding fees and costs, including the fees and costs associated with litigating this claim, and granting such further relief as the Court deems just and proper.

### Ninth Cause of Action:  Non Contractual Charges.  As Against Defendants:  Inwest Title Services, Aurora Loan Servicing, James H. Woodall, Woodall and Wasserman, and DOES 1-50.

116.    Plaintiff repeats and re-alleges all prior paragraphs as though set forth fully herein.

117.    Defendants presented Plaintiff with a "reinstatement" amount.

118.    Contained within the reinstatement amount were certain non-contractual charges to which Plaintiff would be "required" to pay in order to reinstate the loan.

119.    Contained within the alleged Trustee Sale documents were certain
additional non-contractual charges that Plaintiff would then allegedly owe to
Defendants.

120.    Title 13 UCA Utah Consumer Sales Practices Act As a direct, proximate,
and predictable result of Defendants assessment of non contractual charges,
Plaintiff suffered emotional, financial, and character damages to which Plaintiff
should be compensated.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against the
Defendants, awarding Plaintiff damages in the amount proscribed by law, awarding fees
and costs, including the fees and costs associated with litigating this claim, and granting
such further relief as the Court deems just and proper.

### Tenth Cause of Action:  Quiet Title Action.  As Against Defendants:  Axiom
### Financial Inc, et al.

121.    Plaintiff repeats and re-alleges all prior paragraphs as though set forth
fully herein.

122.    Plaintiff believes and alleges that the real party in interest, on the lender
side of the aforementioned Trust Deed Note, is the owner of the asset backed
security issued by the SPV. The security is usually a "securitized" bond deriving
its value from the underlying mortgages of which said Trust deed and note are
witness thereof.

123.     Plaintiff is ignorant of the true names and capacities of defendants sued
herein but are designated as DOES 1 through X, and therefore sues these
defendants by such fictitious names. Plaintiff will amend this complaint to allege
their true names and capacities when ascertained.

124.     Plaintiff is informed and believes and thereon alleges that, at all times
herein mentioned, each of the defendants sued herein was the agent and employee
of each of the remaining defendants and was at all times acting within the purpose
and scope of such agency and employment.

125.     Plaintiff is and all times herein mentioned, the owner and/or entitled to
possession of the property located at 4302 North Mile High Drive, Provo, Utah
84604.

126.     Plaintiff is informed and believes and thereupon alleges that DOES 1-X,
each of them, claim an interest in the property adverse to plaintiff herein.
However, the claim of said Defendants is without any right whatsoever, and said
Defendant has no legal or equitable right, claim, or interest in said property.

127.     Plaintiff therefore seeks a declaration that the title to the subject property
is vested in plaintiff alone and that the defendants herein, each of them, be
declared to have no estate, right title or interest in the subject property and that
said defendants, each of them, be forever enjoined from asserting any estate, right
title or interest in the subject property adverse to plaintiff herein.

128.    Wherefore Plaintiff prays judgment against defendants, each of them as

follows:

    a.  For an order compelling said Defendants to transfer legal title and

        possession of the subject property to Plaintiff herein;

    b.  For a declaration and determination that Plaintiff is the rightful holder of

        title to the property and that Defendants herein be declared to have no

        estate, right, title or interest in said property;

    c.  For a judgment forever enjoining all Defendants and defendants DOES 1-

        X, from claiming any estate, right, title or interest in the subject property;

    d.  For costs of suit herein incurred;

    e.  For such other and further relieve as the court may deem proper.

### Eleventh Cause of Action:  Predatory Lending Practices

### As Against Defendants:  Aurora Loan Services, et al.

129.    Plaintiff repeats and re-alleges all prior paragraphs as though set forth

fully herein.

130.    Assuming arguendo that Defendant, MERS does have the right under the

law of negotiable instruments in this State, by endorsement, assignment, agency or

otherwise, to receive payment under a valid note, payment of which was secured by

the security instrument, and to initiate foreclosure under a power of sale contained

therein, if any, then Defendant, MERS is subject to defenses that would have been

available against Axiom, the initial Lender identified in the security instrument.

131.    Axiom has engaged in predatory lending practices with respect to Plaintiff the specifics of which are unknown, but which are subject to discovery and with respect to which the specifics will be alleged by amendment to this complaint when ascertained.

132.    One or more of the predatory lending practices referred to in the previous paragraph permits, under the law, one or more defenses or remedies, the specifics of which will be alleged by amendment to this complaint when ascertained.

### Twelfth Cause of Action RICO

As Against Defendants:  Aurora Loan Services, et al

133.    Plaintiff repeats and re-alleges all prior paragraphs as though set forth fully herein.

134.    In doing the aforesaid acts, Defendants and each of them were participating in and have participated in a scheme or racketeering as that term is defined in RICO, 18 U.S.C. §§ 1961 et seq.

135.    Plaintiff is therefore entitled to the remedies available under RICO in civil actions

### Thirteenth Cause of Action:  Lack of Standing

As Against Defendants:  Aurora Loan Services et al

.

136.    Defendant, MERS, is a business entity that has directed the Trustee in a non-judicial foreclosure proceeding to proceed under a power of sale to foreclose a note secured against the property hereinafter "the subject property"

137.    Plaintiff is informed and believes, and thereupon alleges that Defendant, Aurora purchased the subject property at a foreclosure sale conducted on or about July 17, 2008.

138.    Does 1-50 persons or entities that are unknown to plaintiff. Their capacities are unknown. Plaintiff alleges that they are in some way involved in the actions complained of herein as either independent actors, or as agents or principals of the other named defendants. Plaintiff will amend this complaint to allege their true identities, capacities and roles as and when they are ascertained.

139.    Plaintiff is informed and believes, and thereupon alleges, that Defendants and Does 1-50 have conducted a Trustee's sale of the subject real property ostensibly to collect the unpaid balance on the not secured by the security instrument that is recorded on Feb in the Office of the County Recorder for Utah County as Document No (hereinafter the "security instrument").

140.    Plaintiff was the owner in fee of the real property identified as Provo, UT prior to the sale identified herein.

141.    Upon information and belief, MERS is not and was not the holder of the note, payment of which was secured by the security instrument, nor is it or was it

in possession of the note properly endorsed to it, nor was it or is it otherwise entitled by law in this State to initiate foreclosure under the security instrument.

142.    MERS has and had no right to initiate foreclosure under the security instrument, not did have the right to direct the Trustee to foreclose and sell the subject real property owned by Plaintiff. MERS knew or reasonably should have known that it had no right to foreclose the security instrument unless and until it actually has in its possession the original note properly endorsed to it or assigned to it as of a date preceding the notice of default recorded by the Trustee.

143.    Plaintiff alleges that the Defendants and each of them, in so acting in this case with respect to many other mortgage or trust deed security instruments engage in a patter and practice of utilizing the non-judicial foreclosure procedures of this State to foreclose on properties when they do not in fact, have the right to do so, knowing that the property owners affected do not have the knowledge and means to contest the right of said Defendants to do so.

144.    Plaintiff by this pleading demands further a detailed accounting of how the amount stated in the Notices of Default and Notice of Trustee Sale necessary to be paid redeem the property from foreclosure has been calculated so that Plaintiff can adequately evaluate Plaintiffs rights under the law with Plaintiff's resale rights or reinstatement and redemption.

145.    The subject property is unique. Therefore, should Defendants, and each of them, not be enjoined, Plaintiff will suffer irreparable injury for which there is no

adequate remedy in law when Defendants proceed to sell the subject property to a third party who would be a bonafide purchaser for value.

146.    In all of the wrongful acts alleged in this complaint, the Defendants and each of them have utilized the United States mail in furtherance of their pattern of conduct to unlawfully collect on negotiable instruments when they were not entitled under the law to do so, and assuming arguendo that they do have the right to proceed to foreclose under the note, to profit from those actions in amounts greater than their rights under the note to do so.

147.    Defendants, and each of them, in committing the acts alleged in this and in other cases are engaging in a pattern of unlawful activity.

148.    As a result thereof, Plaintiff has been damaged in bringing this action to stop the wrongful acts of the Defendants and each of them. Plaintiff has been damaged in other ways that are not readily apparent at this time, but will amend this complaint to allege further damages as they are determined.

149.    In pursuing non-judicial foreclosure, Defendants and each of them represented that they had the right to payment under the note, payment of which was secured by the security instrument.

150.    The true facts were that they were not in possession of the note and they were not either holders of the note or non-holders of the note entitled to payment, as those terms are used in Commercial Code _____, and therefore they were proceeding to foreclose non-judicially without right under the law. Further, they

added costs and charges to the payoff amount of the not that were not justified and proper under the terms of the note or the law.

151.    The Defendants and each of them, misrepresented the facts intending to either force Plaintiff to pay large sums of money to Defendants and each of them to which they were not entitled under the law, or to abandon Plaintiffs property to foreclosure sale.

#### WHEREFORE, Plaintiff prays relief from the court as follows:

Wherefore, having set forth various causes of action against Defendants, Plaintiff prays for the following relief:

#### Wherefore Plaintiff prays that:

152.    Defendants, MERS, and does 1-50 and each of them, be required to deed back to the Plaintiff the subject real property.

153.    Defendants and each of them, be permanently enjoined from any and all further attempts to foreclose on the subject real property unless and until it can present proof that it is entitled, under the law of negotiable instruments in force in UT, to enforce the underlying promissory note described in the security instrument that is identified in Exhibit 1;

154.    That Plaintiff be awarded monetary damages against the Defendants and each of them, jointly and severally, that Plaintiff incurred due to the need to bring this action for injunctive relief according to proof;

155.    That Plaintiff be awarded statutory damages for Unfair Debt collection practices under the federal and Utah statutes;

156.    That fees be awarded Plaintiff as may be permitted by law;

157.    That Plaintiff be awarded treble damages as permitted by law;

158.    That prejudgment interest be awarded Plaintiff as permitted by law;

159.    For such other and further equitable relief, declaratory relief and legal damages as may be permitted by law and as the court may consider just and proper.

160.    Declaratory Judgment that Defendants are in violation of Utah State Conveyance Statutes in this instant case.

161.    Nullification and voidance of Trustee Sale conducted on July 17, 2008.

162.    Declaratory Judgment that Defendants are in violation of Fiduciary duties in this instant case. Further declaration that as a result of the breach of fiduciary duties by Defendants, they further violated standards of Good faith and fail dealing.

163.    Declaratory Judgment that Defendants Breached contract and created a nullity as a result of their actions.

164.    Declaratory Judgment that Defendants misrepresented facts and identities which further renders contract null and void.

165.    Judgment in favor of Plaintiff for violations of the Fair Debt Collection Practices Act and assessment of penalties and relief according to said Act.

166.    Judgment in favor of Plaintiff for violations of the Truth in Lending Act with assessment of penalties and relief according to said Act.

167.    Declaratory Judgment that the Defendants interfered with a contract and said contractual relationship.

168.    Declaratory Judgment that Defendants accessed non contractual charges against Plaintiff and order that said charges be removed from all transactions relating to Plaintiff.

169.    Declaration that the title to the subject property is vested in Plaintiff alone and that the Defendants herein, each of them, be declared to have no estate, right title or interest in the subject property and that said defendants, each of them, be forever enjoined from asserting any estate, right title or interest in the subject property adverse to plaintiff herein.

170.    For an order compelling said Defendants to transfer legal title and possession of the subject property to Plaintiff herein;

171.    For a declaration and determination that Plaintiff is the rightful holder of title to the property and that Defendants herein be declared to have no estate, right, title or interest in said property;

172.    For a judgment forever enjoining all Defendants and defendants DOES 1-X, from claiming any estate, right, title or interest in the subject property;

173.    For costs of suit herein incurred;

174.    For an order enjoining Defendants from retaliation against Plaintiff

175.    For a judgment against defendants for general compensatory damages in an amount to be determined by the Court.

176.    Punitive damages to encourage defendants to cease these unlawful activities in the perceived commission of their "fiduciary responsibilities" in an amount to be determined by the Court.

177.    For such other and further relieve as the court may deem proper.

## RIGHT TO AMEND

178.    Plaintiff reserves the right to amend this Complaint, asserting other facts and causes of action after further investigation and discovery.

DATED this 3rd day of November, 2008.

Respectfully submitted,

Bart N. Christofferson, Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served via U.S. Mail the above-captioned

**AMENDED COMPLAINT** this 3rd day of November, 2008, to the following:

Clerk of the Court (2 Copies)
United States Courthouse
350 South Main Street
Salt Lake City, UT  84101-2180

Peter J. Salmon (UT BN 9382)
Pite Duncan, LLP
4375 Jutland Drive, Suite 200
San Diego, CA  92117

Stucki Steele PIA & Anderson
299 South Main Suite 2200
Salt Lake City, UT  84111

DATED this 3rd day of November, 2008.

**/S/ Bart N. Christofferson**
Plaintiff