**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| BART N. CHRISTOFFERSON<br><br>    Plaintiff,<br><br>v.<br><br>AURORA LOAN SERVICES, CAL WESTERN RECONVEYANCE, JAMES H. WOODALL, an individual and DBA WOODALL & WASSERMAN, LEHMAN BROTHERS BANK, FSB LEHMAN BROTHERS, AXIOM FINANCIAL, LLC, a Utah Limited Liability Company, MELISSA WRIGHT, an individual and Director of Axiom Financial, INWEST TITLE SERVICES, INC, a Utah for profit corporation, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC, a foreign corporation , DBA MERS, PETE VELLA, an individual and employee of Cal Western Reconveyance, GERALD R. MOSS, an individual and President and CEO of Cal Western Reconveyance,<br><br>    Defendants. | Case No. 2:08 cv 00663-CW<br><br>**REPORT AND RECOMMENDATION**<br><br>Judge Clark Waddoups<br><br>Magistrate Judge Brooke C. Wells |

On August 12, 2008, Bart N. Christofferson ("Plaintiff") filed a complaint in the

Fourth District Court for Utah County, State of Utah, Provo Department.  On September

1

2, 2008, pursuant to 28 U.S.C. § § 1331 and 1441, the matter was removed[1] to the United States District Court for the District of Utah.[2]  Thereafter, on November 18, 2008, defendants Aurora Loan Services LLC, Lehman Brothers Bank, FSB, Lehman Brothers and Mortgage Electronic Registrations Systems Inc., filed a motion to dismiss plaintiff Christofferson's First Amended Complaint.[3]  On that same day, defendants Cal Western Reconveyance, James H. Woodall, Woodall & Wasserman, Pete Vella and Gerald R. Moss also filed a separate motion to dismiss plaintiff's First Amended Complaint.[4]  On December 12, 2008, defendants Axiom Financial LLC and Melissa Wright filed their own motion to dismiss.[5]  Due to Mr. Christofferson failure to properly oppose[6] any of the motions brought by Defendants, this court entered an Order to Show Cause on May 8, 2009, directing Plaintiff to show cause as to why Defendants' motions should not be

---

[1] Docket No. 2.

[2] The basis for removal was the United States District Court's jurisdiction of the subject matter of the action based upon the causes of action contained in the complaint that are premised upon Federal Statutes, specifically the Truth in Lending Act (15 U.S.C. §1601 *et. seq.*), the Fair Debt Collection Practices Act (15 U.S.C. §1962), and the Real Estate Settlement Procedures Act (12 U.S.C. §§ 2601 through 1692).

[3] Docket No. 44.

[4] Docket No. 48.

[5] Docket No. 54.

[6] Mr. Christofferson did file motions to strike alleging insufficient service of process. However, as the court previously noted in its Order To Show Cause, the docket reflects that plaintiff has properly received notice of the pending motions by US mail.

granted forthwith.[7]  Mr. Christofferson has failed to respond to the court's Order to Show Cause.  Therefore the Court recommends that this case be DISMISSED for failure to prosecute, or in the alternative, Defendants' motions to dismiss be granted.

Local rule 7-1(b)(4)(A) provides in relevant part, "[a] memorandum opposing (i) motions to dismiss, . . . , must be filed within thirty (30) days after service of the motion or within such time as allowed by the court."[8]  The rule goes on to provide that "[f]ailure to respond timely to a motion may result in the court's granting the motion without further notice."[9]  As set forth above, the thirty day time period for opposing defendants' motions has long since passed.  In the Order to Show Cause the court generously gave Mr. Christofferson until May 8, 2009, to file an appropriate response.  However, Plaintiff has still failed to respond.

Accordingly, based upon Christofferson's failure to prosecute this case and failure to oppose Defendants' motions to dismiss, the Court RECOMMENDS that this case be DISMISSED.

---

[7] Docket No. 65.

[8] DUCivR 7-1(b)(4)(A) (2008).

[9] DUCivR 7-1(d).

DATED this 11th day of May, 2009.

_____
Brooke C. Wells
United States Magistrate Judge